1  CHRISTINE M. BOOZE
Nevada Bar No. 7610
2  JONATHAN L. POWELL
Nevada Bar No. 9153
3  WINNER & SHERROD
1117 South Rancho Drive
4  Las Vegas, Nevada 89102
Phone (702) 243-7000
5  Facsimile (702) 243-7059
cbooze@awslawyers.com
6  jpowell@winnerfirm.com

7  *Attorneys for Defendants*

8  UNITED STATE DISTRICT COURT

9  DISTRICT OF NEVADA

10  RACHELLE RYERSON, an individual,      CASE NO.:

11            Plaintiffs,

12  vs.

13  EW-SN TRANSPORT, INC.; a New Jersey    **PETITION FOR REMOVAL**
Corporation; RIMANTAS PETRAVICIUS,      **TO FEDERAL COURT**
14  an individual; DOE EMPLOYEES I-V;
DOE OWNERS I-V; ROE EMPLOYERS I-
15  V; and ROE CORPORATIONS I-V,
inclusive,
16
            Defendants.
17

18        COMES   NOW   Defendants,   EW-SN   TRANSPORT,   INC.   and   RIMANTAS

19  PETRAVICIUS (hereinafter as "Defendants"), by and through their counsel of record, the law

20  firm WINNER & SHERROD, and hereby submit the instant Petition for Removal in accordance

21  with 28 U.S.C. §§ 1332, 1441 and 1446.  Removal is warranted under 28 U.S.C. § 1332(a)(1)

22  because this is a civil action between citizens of different states and the amount in controversy,

23  upon information and belief, exceeds the sum or value of $75,000.00, exclusive of interest and

24  costs.  In support of this Petition for Removal the defendant states as follows:

25     1. On September 22, 2020, Plaintiff RACHELLE RYERSON (hereinafter as "Plaintiff")

26        filed the above-entitled action in the Eighth Judicial District Court of Clark County,

27        Nevada, Case No. A-20-821695-C, assigned to Department 14 (herein "the State Court

28        Action").  Defendant has been unable to ascertain the date of service, or if service has

even been effectuated.  Plaintiff's counsel has not responded to communications from Defendant.  **See Exhibit "A".**  A copy of the Complaint in the State Court Action is attached as **Exhibit "B"**.  A copy of the Notice of Removal has been attached as **Exhibit "C".**

2.  The Complaint alleges Plaintiff "was and is a resident of the County of Clark, State of Nevada."  Exhibit B, ¶1.

3.  The Complaint alleges Defendant EW-SN TRANSPORT, INC. "is a New Jersey Corporation authorized to conduct business in the State of Nevada."  Exhibit B, ¶1.[1]

4.  The Complaint alleges Defendant RIMANTAS PETRAVICIUS is and, was, a resident "outside the of the State of Nevada."  Exhibit B, ¶2.

5.  These allegations are correct, Nevada is not the domicile of any of the Defendants in the instant matter.

6.  Defendant EW-SN TRANSPORT, INC. was incorporated in New Jersey.  *See* **Exhibit "D"**.

7.  Defendant RIMANTAS PETRAVICIUS is and was, a resident of New Jersey.

8.  The ROE and DOE Defendants in this action have not been identified and are merely nominal parties without relevance to the action.

9.  Defendants have filed a Motion to Dismiss pursuant to N.R.C.P. 12(b)(5) in state court as the Complaint fails to provide sufficient facts upon which a claim for relief could be granted.  *See* **Exhibit "E".**

10. Because this is a civil action between citizens of different states involving an amount in controversy in excess of $75,000, exclusive of interest and costs, removal of this matter is proper pursuant to 28 U.S.C. § 1332.

11. This action is one over which the United States District Courts have original jurisdiction by reason of the diversity of citizenship of the parties.

...

---

[1] There are two separate paragraphs labeled as paragraph no. 1 in Plaintiff's Complaint.

WINNER & SHERROD
A NEVADA LAW FIRM

12. Pursuant to 28 U.S.C. § 1446(d), Defendant  has contemporaneously filed a copy of this Petition for Removal with the clerk of the Eighth Judicial District Court in Clark County, Nevada and has provided a written notice to the plaintiff by serving a copy of the instant Petition for Removal on counsel for Plaintiff.

## DIVERSITY OF CITIZENSHIP

1. Upon information and belief, Plaintiff is a resident of Clark County, state of Nevada.  See 28 U.S.C. § 1332(c).  Exhibit B, ¶1.

2. Defendants are residents of New Jersey.  See 28 U.S.C. § 1332(c).

3. Complete diversity of citizenship existed between Plaintiff and Defendants at the time the Plaintiff filed and served the State Court Action, and complete diversity of citizenship exists at the time of removal.

## AMOUNT IN CONTROVERSY

1. As required by 28 U.S.C. § 1332, the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs.

2. Plaintiff RACHELLE RYERSON alleges that she was injured in an unknown incident in Clark County, Nevada.  **Exhibit B**.

3. The amount of damages clause in the Plaintiff's State Court Action's Prayer for Relief is consistent with Rule 8(a) of the Nevada Rules of Civil Procedure ("NRCP") where they seek monetary general damages "in excess of $15,000.00" and monetary compensatory damages "in excess of $15,000.00."  Exhibit B, page 7.

4. A defendant may remove a suit to federal court notwithstanding the failure of a plaintiff to plead a specific dollar amount in controversy.  Where, as here, a plaintiff has alleged no specific amount of damages, a removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *Lowdermilk v. United States Nat'l Assoc.,* 479 F.3d 994, 998 (9th Cir. 2007); *Abrego v. Dow Chemical Co.,* 443 F.3d 676, 683 (9th Cir. 2007).

...

5. To satisfy the preponderance of the evidence test, a defendant must provide evidence that "it is more likely than not" that the amount in controversy is greater than $75,000. *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir. 1996).  The court may look beyond the complaint to determine whether the amount in controversy is met.  See *Abrego* at 690.

6. A review of the Plaintiff's State Court Action demonstrates that the Plaintiff "more likely than not" seek more than $75,000, exclusive of interest and costs.  Specifically, Plaintiff alleges that she has sustained bodily injuries to her "neck, back, organs, and systems, and was otherwise injured and caused to suffer great pain of body and mind, and all or some of the same is chronic and may be permanent and disabling" and " been caused to incur medical expenses, and will in the future be caused to expend monies for medical expenses and additional monies for miscellaneous expenses incidental thereto, in a sum presently unascertainable."  Exhibit B, ¶¶18-19.

7. Taking into consideration the Plaintiff's claim for past and future medical damages, pain and suffering, and loss of enjoyment of life, it is more likely than not that Plaintiff seeks damages in excess of $75,000.

**CONCLUSION**

1. Based on the foregoing, Defendants have met their burden of showing that the amount in controversy more likely than not exceeds the jurisdictional requirement of $75,000.

2. It is unknown as to when service was completed or even if service was completed.

...

...

...

...

...

...

...

3. Because there is complete diversity of citizenship between Plaintiff and Defendants, and because the Plaintiff is seeking damages in excess of the $75,000 jurisdictional threshold, Defendants may remove this action pursuant to 28 U.S.C. §§ 1332 and 1441(b).

DATED this 3rd day of November, 2020.

WINNER & SHERROD

2/4 Fkiwdq P 1Enr}#

_____

Christine M. Booze
Nevada Bar No. 7610
Jonathan Powell
Nevada Bar No. 9153
1117 South Rancho Drive
Las Vegas, Nevada 89102
*Attorneys for Defendants*

**WINNER & SHERROD**
A NEVADA LAW FIRM

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I certify that on this 3rd day of November, 2020, the foregoing **PETITION FOR REMOVAL TO FEDERAL COURT** was served on the following by [ ] hand delivery [ ] overnight delivery [ ] fax [ ] fax and mail [X] mailing by depositing with the U.S. mail in Las Vegas, Nevada, enclosed in a sealed envelope with first class postage prepaid, addressed as follows:

BIGHORN  LAW
Kimball Jones
Jacob G. Leavitt
Robert N. Eaton
2225 E. Flamingo Road, Bldg. 2 Suite 300
Las Vegas, Nevada 89119
*Attorneys for Plaintiff*

　　　　*/s/ Amanda Hanson*
　　　　An employee of WINNER & SHERROD

# EXHIBIT A.

THOMAS E. WINNER
SUSAN M. SHERROD†CC
CHRISTINE M. BOOZE
MATTHEW J. DOUGLAS#
JUSTIN J. ZARCONE◊
BRUCE W. KELLEY◊
STEVEN P. CANFIELD

OF COUNSEL (CC):
ANDREW D. SMITH~
JULIE M. SUEOKA
TRACEY B. HOWARD
LARA L. MILLER

STEVEN C. DEVNEY
CAITLIN J. LORELLI
JOHN L. POWELL
ZACHARY D. CLAYTON
JOSHUA H. GARRY
INKU NAM
JORDON L. ROBERTS

# WINNER & SHERROD
## A NEVADA LAW FIRM

**RANCHO COURTYARD**
1117 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89102-2216
PHONE      (702) 243-7000
FACSIMILE  (702) 243-7059
WWW.WINNERFIRM.COM

LICENSED IN: † MICHIGAN   * UTAH
◊ CALIFORNIA  # ILLINOIS

October 20, 2020

Via Facsimile & Standard Mail

Kimball Jones, Esq.
BIGHORN LAW
2225 East Flamingo Road
Building 2, Suite 300
Las Vegas, Nevada 89119

　　　Re:　　Rachelle Ryerson v. EW-SN Transport, Inc., et. al.
　　　　　　Case No.  A-20-821695-C

Dear Mr. Jones:

　　　Pursuant to Rule 3.5A of the Nevada Rules of Professional Conduct, please be advised that this law firm has been retained to represent EW-SN Transport, Inc. and Rimantas Petravicius in the above entitled matter.  At your earliest convenience, please forward to our attention the affidavit attesting to service of the summon and complaint so that an appropriate response may be filed.  Please contact me should you have any questions.

　　　Thank you for your attention to this and we look forward to working with you on this matter.

　　　　　　　　　　Sincerely,

　　　　　　　　　　ATKIN WINNER & SHERROD

　　　　　　　　　　/s/ Christine M. Booze

　　　　　　　　　　Christine M. Booze

cc:  Chris Oakes (C5F7500)

# Email Report

Form Format

Filters Used:
1 Tagged   Record

Date Printed: **11/02/2020**
Time Printed: **3:18PM**
Printed By: **JPOWELL**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Date | **10/20/2020** | Time | **5:37PM** | **5:37PM** | Duration | **0.00** (hours) | Code **Fax Confirm** |

Subject   **LOR to Kimball**                                                           Staff   **Christine M. Booze**
Client   **Travelers Insurance**          MatterRef **Ryerson v EW-SN Transport, Inc.**   MatterNo **037-7928**
From   **maintaws@winnerfirm.com**
To   **cbooze@winnerfirm.com**
CC To
Bcc To
Reminders                        (days before) Follow  **N**  Done  **N**  Notify  **N**  Hide  **N**  Trigger **N**  Private **N**  Status

Details   **LOR**                                          User3
User2                                                 User4

**This E-mail was sent from "RNP002673F587F8" (MP C6503).**

**Queries to: maintaws@winnerfirm.com**

**\*\*\*\*\*\*\*\* Communication Result Report( 2020.10.20 17:36 ) \*\*\*\*\*\*\*\***

**Sender:**
**Time  : 2020/10/20 17:28**

**--------------------------------------------------------------------**
**[Dest.] G3   :7025070092**
**  [Sent Page/Total Page]   2/ 2  [Result] OK**
**[Dest.] G3   :18666975567**
**  [Sent Page/Total Page]   2/ 2  [Result] OK**
**--------------------------------------------------------------------**
**Reason for error**
**  E.1) Hang up or line fail**
**  E.2) Busy**
**  E.3) No answer**
**  E.4) No facsimile connection**
**  E.5) Exceeded max. E-mail size**
**  E.6) Destination does not support IP-Fax**

# EXHIBIT B.

Electronically Filed
9/22/2020 6:06 PM
Steven D. Grierson
CLERK OF THE COURT

COMP
**KIMBALL J. JONES, ESQ.**
Nevada Bar No. 12982
**JACOB G. LEAVITT, ESQ.**
Nevada Bar No. 12608
**ROBERT N. EATON, ESQ.**
Nevada Bar No. 9547
**BIGHORN LAW**
2225 E. Flamingo Road
Building 2, Suite 300
Las Vegas, Nevada  89119
Telephone: (702) 333-1111
Kimball@bighornlaw.com
Jacob@bighornlaw.com
Roberte@bighornlaw.com
*Attorneys for Plaintiff*

CASE NO: A-20-821695-C
Department 14

## DISTRICT COURT

## CLARK COUNTY, NEVADA

RACHELLE RYERSON, an individual,

           Plaintiff,

v.

EW-SN TRANSPORT, INC.; a New Jersey Corporation; RIMANTAS PETRAVICIUS, an individual; DOE EMPLOYEES I-V; DOE OWNERS I-V; ROE EMPLOYERS I-V; and ROE CORPORATIONS I-V, inclusive,

           Defendants.

CASE NO.:
DEPT. NO.:

## **COMPLAINT**

COMES NOW, PLAINTIFF, RACHELLE RYERSON, by and through her attorneys, KIMBALL JONES, ESQ., JACOB G. LEAVITT, ESQ.., and ROBERT N. EATON, ESQ. of BIGHORN LAW, and for her causes of action against the DEFENDANTS, and each and all of them, complain and allege as follows:

    1.    At all times mentioned herein, PLAINTIFF RACHELLE RYERSON (hereinafter "PLAINTIFF") was and is a resident of the County of Clark, State of Nevada.

1.     Upon information and belief, that at all times relevant to this action, the Defendant EW-SN TRANSPORT, INC. (hereinafter referred to as "EW-SN" or "DEFENDANT"), is a New Jersey Corporation authorized to conduct business in the State of Nevada.

2.     Upon information and belief, that at all times relevant to this action, the Defendant RIMANTAS PETRAVICIUS (hereinafter referred to as "RIMANTAS" or "DEFENDANT"), DOE DRIVER I-V and/or DOE OWNERS I-V, were and are residents outside of the State of Nevada.

3.     The true names and capacities, whether individual, corporate, partnership, associate or otherwise, of DEFENDANTS, DOES I through V, are unknown to PLAINTIFF, who therefore sues said DEFENDANTS by such fictitious names.  PLAINTIFF is informed and believe and thereon allege that each of the DEFENDANTS designated herein as DOE and ROE are responsible in some manner for the events and happenings referred to and caused damages proximately to PLAINTIFF as herein alleged, and that PLAINTIFF will ask leave of this Court to amend this Complaint to insert the true names and capacities of DOES I through V, when the same have been ascertained, and to join such DEFENDANTS in this action.

4.     That the true names and capacities, whether individual, corporate, partnership, associate or otherwise, of DEFENDANTS, ROE CORPORATION I through V, are unknown to PLAINTIFF, who therefore sues said DEFENDANTS by such fictitious names.  PLAINTIFF is informed and believes and thereon alleges that each of DEFENDANTS designated herein as ROE CORPORATION is responsible in some manner for the events and happenings referred to and caused damages proximately to PLAINTIFF as herein alleged, and that PLAINTIFF will ask leave of this Court to amend this Complaint to insert the true names and

capacities of ROE CORPORATION I through V when the same have been ascertained and to join such DEFENDANTS in this action.

5. That upon information and belief, DEFENDANTS EW-SN, DOE OWNERS I-V; ROE EMPLOYERS I-V are the owners and operators of the vehicle driven by DEFENDANT RIMANTAS.

6. PLAINTIFF is informed and believes and thereon alleges that each of DEFENDANTS designated herein as ROE CORPORATION I through V are responsible in some manner for the events and happenings referred to and caused damages proximately to PLAINTIFF as herein alleged, and that PLAINTIFF will ask leave of this Court to amend this Complaint to insert the true names and capacities of ROE CORPORATION I through V when the same have been ascertained and to join such DEFENDANTS in this action.

## FIRST CAUSE OF ACTION
### (Negligence as to All DEFENDANTS)

7. As for her First Cause of Action, PLAINTIFF repeats and re-alleges each and every allegation contained in the paragraphs above as though fully set forth herein and further alleges as follows:

8. That upon information and belief, at all times relevant to this action, the DEFENDANTS, and each of the them, were the owners or lessees and occupied, operated, maintained, and/or controlled the vehicle driven by DEFENDANT RIMANTAS.

9. That the DEFENDANTS, and each of them, carelessness and negligence of DEFENDANTS, and each of them, in breaching a duty owed to the PLAINTIFF, which directly and proximately caused the injuries and damages to PLAINTIFF, consisting in and of, but not limited to, failure to exercise reasonable care while operating the vehicle driven by DEFENDANT RIMANTAS, creating and allowing an unreasonably unsafe, dangerous condition.

10.   At all times complained of herein, DEFENDANTS, and each of them, were under a duty to use reasonable care in the conduct and responsibilities and efforts in providing management, supervision, maintenance, control, and/or repair of the vehicle, and DEFENDANTS, and each of them, breached their duties.

11.   At all times complained of herein, DEFENDANTS, and each of them, owed a duty of care to PLAINTIFF to maintain the Premises in a condition and manner as to be free of dangerous conditions.

12.   At all times complained of herein, DEFENDANTS, and each of them, owed a duty of care to PLAINTIFF to warn PLAINTIFF of dangerous conditions.

13.   That the carelessness and negligence of the DEFENDANTS, and each of them, in breaching a duty owed to the PLAINTIFF, which directly and proximately caused the injuries and damages to PLAINTIFF, by showing reckless disregard for the safety of others, including PLAINTIFF.

14.   The Defendant, and each of them, have violated certain statutes, ordinances and building codes, which PLAINTIFF prays leave of Court to insert the exact statutes or ordinances or codes at the time of the trial.

15.   That PLAINTIFF is among the class of persons that the standards, laws, codes, rules, regulations, and/or ordinances are designed to protect.

16.   That PLAINTIFF's injuries and damages are of the class that the standards, laws, codes, rules, regulations, and/or ordinances are designed to prevent.

17.   That DEFENDANTS' negligence per se is imputed by operation of the standards, laws, codes, rules, regulations, and/or ordinances.

18.   By reason of and as a direct and proximate result of the aforesaid negligence and carelessness of the DEFENDANTS, and each of them, PLAINTIFF was otherwise injured in and about her neck, back, organs, and systems, and was otherwise injured and caused to suffer great pain of

body and mind, and all or some of the same is chronic and may be permanent and disabling, all to PLAINTIFF's damage in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

19. By reason of and as a direct and proximate result of the aforesaid negligence and carelessness of the DEFENDANTS, and each of them, PLAINTIFF, has been caused to incur medical expenses, and will in the future be caused to expend monies for medical expenses and additional monies for miscellaneous expenses incidental thereto, in a sum presently unascertainable. PLAINTIFF will pray leave of Court to insert the total amount of the medical and miscellaneous expenses when the same have been fully determined at the time of the trial for this action.

20. PLAINTIFF has been required to retain the law firm of BIGHORN LAW to prosecute this action, and is entitled to a reasonable attorney's fee, his litigation costs, and prejudgment interest.

## SECOND CAUSE OF ACTION

### (Respondeat Superior, Negligent Hiring, Training, and Supervision as to DEFENDANTS)

21. As and for her Second Cause of Action, PLAINTIFF repeats and re-alleges each and every allegation contained in the paragraphs above as though fully set forth herein and further alleges:

22. That DEFENDANTS, and each Defendant, had a duty to properly hire, train, monitor, and supervise all employees who are operating vehicles owned, leased or utilized by DEFENDANT EW-SN.

23. That as a direct and proximate result of the Defendant's negligence PLAINTIFF suffered trauma and other physical injuries and great pain of body and mind in an amount in excess of Fifteen Thousand Dollars ($15,000.00) in general damages.

24. As a direct of the DEFENDANTS' negligence, PLAINTIFF has suffered severe injuries to his person, which injuries have required and still require medical treatment and care and from which the PLAINTIFF has suffered pain and the inability to live her full life in the manner it

was conducted prior to the incident.

25.   As further and proximate result of DEFENDANTS' negligence, and each of them, PLAINTIFF has suffered severe injuries and has been forced to incur and continues to incur medical expenses for treatment of his injuries in an amount in conformance to proof at trial. PLAINTIFF will incur future medical expenses as well in an amount as not yet ascertained, but in an amount excess of Fifteen Thousand Dollars ($15,000.00).

26.   By reason of the premises, and as a direct and proximate result of the aforesaid negligence and carelessness of DEFENDANTS, and each of them, PLAINTIFF has been caused to expend monies for medical and miscellaneous expenses, and will in the future be caused to expend additional monies for medical expenses and miscellaneous expenses incidental thereto, in a sum not yet presently ascertainable, and leave of Court will be requested to include said additional damages when the same have been fully determined.

27.   Prior to the injuries complained of herein, PLAINTIFF was an able-bodied individual, capable of engaging in all other activities for which PLAINTIFF was otherwise suited.  By reason of the premises, and as a direct and proximate result of the negligence of the said DEFENDANTS, and each of them, PLAINTIFF was caused to be disabled and limited and restricted in his occupations and activities, which PLAINTIFF pray leave of Court to insert herein when the same shall be fully determined.

28.   PLAINTIFF has been required to retain the law firm of BIGHORN LAW to prosecute this action, and is entitled to recover a reasonable attorney's fee, his litigation costs, and prejudgment interest.

**PRAYER FOR RELIEF:**

WHEREFORE, PLAINTIFF RACHELLE RYERSON, expressly reserving the right to amend this Complaint prior to or at the time of trial of this action to insert those items of damage not

yet fully ascertainable, respectfully requests that this Court enter the following judgment against DEFENDANTS, and each of DEFENDANTS herein, as follows:

1. General damages for PLAINTIFF in an amount in excess of $15,000.00;

2. Special damages for PLAINTIFF'S medical and miscellaneous expenses, plus future medical expenses and the miscellaneous expenses incidental thereto in a presently unascertainable amount;

3. For compensatory damages in excess of $15,000.00;

4. Costs of this suit;

5. Attorney's fees; and

6. Interest;

7. For such and further relief as to the Court may seem just and proper.

   DATED this 22nd day of September, 2020.

           **BIGHORN LAW**

           By: */s/ Robert N. Eaton, Esq.*
           **KIMBALL JONES, ESQ.**
           Nevada Bar No. 12982
           **JACOB G. LEAVITT, ESQ.**
           Nevada Bar No. 12608
           **ROBERT N. EATON, ESQ.**
           Nevada Bar No. 9547
           2225 E. Flamingo Road, Bldg. 2 Suite 300
           Las Vegas, Nevada  89119
           *Attorneys for PLAINTIFF*

**EXHIBIT C.**

1   CHRISTINE M. BOOZE
    Nevada Bar No. 7610
2   JONATHAN L. POWELL
    Nevada Bar No. 9153
3   WINNER & SHERROD
    1117 South Rancho Drive
4   Las Vegas, Nevada 89102
    Phone (702) 243-7000
5   Facsimile (702) 243-7059
    cbooze@winnerfirm.com
6   jpowell@winnerfirm.com
7
    *Attorneys for Defendants*
8
                    EIGHTH JUDICIAL DISTRICT COURT
9
                       CLARK COUNTY, NEVADA
10

11  RACHELLE RYERSON, an individual,      CASE NO.:  A-20-821695-C
                                          DEPT. NO.: XIV
12              Plaintiffs,

    vs.
13
    EW-SN TRANSPORT, INC.; a New Jersey           **NOTICE OF REMOVAL
14  Corporation; RIMANTAS PETRAVICIUS,            TO FEDERAL COURT**
    an individual; DOE EMPLOYEES I-V;
15  DOE OWNERS I-V; ROE EMPLOYERS I-
    V; and ROE CORPORATIONS I-V,
16  inclusive,

17              Defendants.

18          **COMES   NOW** Defendants   EW-SN   TRANSPORT,   INC.   and   RIMANTAS

19  PETRAVICIUS (hereinafter as "Defendants"), by and through their counsel of record, the law

20  firm WINNER & SHERROD, and hereby gives notice of removal of this action to the United

21  States District Court for the District of Nevada from the Eighth Judicial District Court in and for

22  the County of Clark, State of Nevada.  This Notice of Removal is signed pursuant to Rule 11 of

23  the Federal Rules of Civil Procedure.

24          The jurisdictional ground for removal is Diversity of Citizenship pursuant to 28 U.S.C.

25  1332 and 1441.  Upon information and belief, and pursuant to her Complaint, Plaintiff

26  RACHELLE   RYERSON   is   a   resident   of   the   State   of   Nevada.   Defendants   EW-SN

27  TRANSPORT, INC. is a New Jersey corporation and RIMANTAS PETRAVICIUS is a resident

28
                              Page 1 of 3

1  of New Jersey.

2      Plaintiff is claiming unknown injuries from an unknown incident that allegedly occurred

3  in Nevada.  Plaintiff is asserting causes of action for negligence and Respondeat Superior,

4  Negligent Hiring, Training, and Supervision.

5      Attached as Exhibit "A" hereto is a copy of Petition for Removal filed with the United

6  States District Court, District of Nevada.  Defendants have not been able to ascertain the date of

7  service as of today.  Counsel for Plaintiff has not responded to Defendants prior communication.

8  Attached as Exhibit "B".

9  **DATED** this 3rd day of November, 2020.

WINNER & SHERROD

Christine M. Booze
Nevada Bar No. 7610
Jonathan Powell
Nevada Bar No. 9153
1117 South Rancho Drive
Las Vegas, Nevada 89102
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that on this 3rd day of November, 2020, the foregoing **NOTICE OF REMOVAL TO FEDERAL COURT** was served on the following by [ ] Electronic Service pursuant to NEFR 9 [XX] Electronic Filing and Service pursuant to NEFR 9 [ ] hand delivery [ ] overnight delivery  [ ] fax  [ ] fax and mail  [ ] mailing by depositing with the U.S. mail in Las Vegas, Nevada, enclosed in a sealed envelope with first class postage prepaid, addressed as follows:

BIGHORN LAW
Kimball Jones
Jacob G. Leavitt
Robert N. Eaton
2225 E. Flamingo Road, Bldg. 2 Suite 300
Las Vegas, Nevada 89119
*Attorneys for Plaintiff*

                               */s/ Amanda Hanson*
                                An employee of WINNER & SHERROD

**EXHIBIT D.**

STATE OF NEW JERSEY
DIVISION OF REVENUE AND ENTERPRISE SERVICES

# BUSINESS NAME SEARCH

Search Types

## Business Name Search

Required

#### Search Criteria

**Business Name** *

EW-SN TRANSPORT

Use "%" as a wildcard

**Search →**          **x Ca**

Show [ 10 ] entries

| Business Name | Entity Id | City | Type | Incorporated Dat |
|---|---|---|---|---|
| EW-SN TRANSPORT INC | 0400661749 | HOWELL | DP | 5/27/2014 |

Showing 1 to 1 of 1 entries                                 « Previous   N



Fields [ * ]

ancel

e

ext »

**EXHIBIT E.**

1  CHRISTINE M. BOOZE
   Nevada Bar No. 7610
2  JONATHAN L. POWELL
   Nevada Bar No. 9153
3  WINNER & SHERROD
   1117 South Rancho Drive
4  Las Vegas, Nevada 89102
5  Phone (702) 243-7000
   Facsimile (702) 243-7059
6  cbooze@winnerfirm.com
7  jpowell@winnerfirm.com

8  *Attorneys for Defendants*

                    EIGHTH JUDICIAL DISTRICT COURT

9                     CLARK COUNTY, NEVADA

10  RACHELLE RYERSON, an individual,          CASE NO.:  A-20-821695-C
                                              DEPT. NO.: XIV
11                  Plaintiffs,

12  vs.

13  EW-SN TRANSPORT, INC.; a New Jersey        **DEFENDANTS' MOTION TO DISMISS**
    Corporation; RIMANTAS PETRAVICIUS,         **PURSUANT TO N.R.C.P. 12(B)(5)**
14  an individual; DOE EMPLOYEES I-V;
    DOE OWNERS I-V; ROE EMPLOYERS I-           **(Hearing requested)**
15  V; and ROE CORPORATIONS I-V,
    inclusive,
16
                  Defendants.
17

18          COMES   NOW   Defendants   EW-SN   TRANSPORT,   INC.   and   RIMANTAS

19  PETRAVICIUS (hereinafter as "Defendants"), by and through their counsel of record, the law

20  firm WINNER & SHERROD, and hereby files the instant Motion to Dismiss as Plaintiff's

21  Complaint fails to set forth sufficient facts to establish all necessary elements of a claim for

22  relief.

23  ...

24  ...

25  ...

26  ...

27  ...

28

1295747.DOC

*WINNER & SHERROD*
*A NEVADA LAW FIRM*

This Motion is based upon the attached Memorandum of Points and Authorities, all pleadings and papers on file herein, and any oral argument permitted by this Honorable Court.

**DATED** this 3rd day of November, 2020.

WINNER & SHERROD

Jonathan Powell
Nevada Bar No. 9153
1117 South Rancho Drive
Las Vegas, Nevada 89102
*Attorneys for Defendant*

1295747.DOC

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   STATEMENT OF FACTS

1.      Plaintiff RACHELLE RYERSON (hereinafter as "Plaintiff") filed her Complaint on September 22, 2020.  *See Exhibit "A".*

2.      In her Complaint, Plaintiff alleges that she is a resident of Clark County, Nevada. *Id.* **at paragraph 1.**

3.      Plaintiff further alleges that Defendants are residents outside the State of Nevada. *Id.* **at paragraph 2-3.**

4.      Plaintiff alleges that Defendants owned or operated or maintained or controlled a vehicle driven by Defendant RIMANTAS.  *Id.* **at paragraph 8.**

5.      Plaintiff further alleges that Defendants failed to maintain a premise free of dangerous conditions.  *Id.* **at paragraph 11.**

6.      Plaintiff further alleges that Defendants violated certain statutes, ordinances and building codes, which Plaintiff will later amend to include the exact statutes or ordinances or codes. *Id.* **at paragraph 14.**

7.      Plaintiff alleges that the vehicle and/or the dangerous condition cased her damages. *Id.* **at paragraph 18-19.**

### II.   LEGAL ARGUMENT

According to NRCP 12(b)(5), dismissal of an action is proper if the plaintiff's complaint fails to state a claim upon which relief can be granted.  While Nevada is a notice-pleading state, notice-pleading still requires the adverse party being placed on notice of the matter in controversy.

As discussed by the Nevada Supreme Court in *Hay v. Hay*, 100 Nev. 196, 198 (1984):

> Because Nevada is a notice-pleading jurisdiction, our courts liberally construe pleadings to place into issue matters which are fairly noticed to the adverse party. NRCP 8(a); *Chavez v. Robberson Steel Co.,* 94 Nev. 597, 599, 584 P.2d 159, 160 (1978).   A complaint must set forth **sufficient facts to establish all necessary elements of a claim for relief**, *Johnson v. Travelers Ins. Co.,* 89 Nev. 467, 472, 515 P.2d 68, 71 (1973), so that the adverse party has adequate notice of the nature of the claim and relief sought. *Branda v. Sanford*, 97 Nev. 643, 648, 637 P.2d

WINNER & SHERROD
A NEVADA LAW FIRM

1223, 1227 (1981).

(Emphasis added).

In the instant matter, Plaintiff's Complaint sets out **<u>no facts to establish any elements of a claim for relief</u>**.  Plaintiff's Complaint does not set forth the ***date of the alleged incident.***  Plaintiff's Complaint does not set forth ***the location of the alleged incident.***  Plaintiff's Complaint does not set forth ***the jurisdiction in which the alleged incident occurred.***  Plaintiff's Complaint does not set forth ***how the alleged incident occurred.***  Plaintiff's Complaint does not set forth eve ***what type of incident occurred.***  Plaintiff's Complaint references both ***an issue with a vehicle and a dangerous premise issue.***

While the bar for notice-pleading is low, the subject Complaint fails to meet that bar. Other than identifying the identity and domicile of Plaintiff and Defendants, the Complaint ***sets forth no facts upon which a claim for relief could be granted.***  Furthermore, the Complaint is unclear as to even the type of relief being requested, either an unknown incident involving an unknown vehicle or an incident involving a premise involving a dangerous condition.

Plaintiff has a duty to fairly notice to the adverse party.  *See* NRCP 8(a); *Chavez v. Robberson Steel Co.,* 94 Nev. 597, 599, 584 P.2d 159, 160 (1978).

Plaintiff has a duty to set forth sufficient facts to establish all necessary elements of a claim for relief, *Johnson v. Travelers Ins. Co.,* 89 Nev. 467, 472, 515 P.2d 68, 71 (1973).

Plaintiff has a duty to place the adverse party on adequate notice of the nature of the claim and relief sought. *Branda v. Sanford*, 97 Nev. 643, 648, 637 P.2d 1223, 1227 (1981)

The instant Complaint fails to meet the low burden of notice-pleading.  As such, it must be dismissed.

...

...

...

...

...

...

1295747.DOC

Page 4 of 6

III.     **CONCLUSION**

Plaintiff has failed to meet his statutory burden of pleading sufficient facts upon which claims of relief could be granted.   As, Defendants' Motion to Dismiss must be granted and Plaintiff's Complaint must be dismissed.

**DATED** this 3rd day of November, 2020.

WINNER & SHERROD

Jonathan Powell
Nevada Bar No. 9153
1117 South Rancho Drive
Las Vegas, Nevada 89102
*Attorneys for Defendant*

1295747.DOC

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on this 3rd day of November, 2020, the foregoing **<u>DEFENDANTS'</u>**

**<u>MOTION TO DISMISS PURSUANT TO N.R.C.P. 12(B)(5)</u>** was served on the following by

[ ] Electronic Service pursuant to NEFR 9 [XX] Electronic Filing and Service pursuant to

NEFR 9 [ ] hand delivery  [ ] overnight delivery  [ ] fax  [ ] fax and mail  [ ] mailing by

depositing with the U.S. mail in Las Vegas, Nevada, enclosed in a sealed envelope with first

class postage prepaid, addressed as follows:

BIGHORN LAW
Kimball Jones
Jacob G. Leavitt
Robert N. Eaton
2225 E. Flamingo Road, Bldg. 2 Suite 300
Las Vegas, Nevada 89119
*Attorneys for Plaintiff*


        /s/ Amanda Hanson
An employee of WINNER & SHERROD

Exhibit "A"

Electronically Filed
9/22/2020 6:06 PM
Steven D. Grierson
CLERK OF THE COURT

1  **COMP**
**KIMBALL J. JONES, ESQ.**
2  Nevada Bar No. 12982
**JACOB G. LEAVITT, ESQ.**
3  Nevada Bar No. 12608
**ROBERT N. EATON, ESQ.**
4  Nevada Bar No. 9547
**BIGHORN LAW**
5  2225 E. Flamingo Road
Building 2, Suite 300
6  Las Vegas, Nevada  89119
Telephone: (702) 333-1111
7  Kimball@bighornlaw.com
Jacob@bighornlaw.com
8  Roberte@bighornlaw.com
*Attorneys for Plaintiff*

CASE NO: A-20-821695-C
Department 14

9                    **DISTRICT COURT**

10               **CLARK COUNTY, NEVADA**

11  RACHELLE RYERSON, an individual,

12              Plaintiff,              CASE NO.:
                                        DEPT. NO.:
    v.
13
    EW-SN  TRANSPORT,  INC.;  a  New  Jersey
14  Corporation; RIMANTAS PETRAVICIUS, an
    individual;  DOE  EMPLOYEES  I-V;  DOE
15  OWNERS  I-V;  ROE  EMPLOYERS  I-V;  and
    ROE CORPORATIONS I-V, inclusive,
16
17              Defendants.

18                    **COMPLAINT**

19      COMES  NOW,  PLAINTIFF,  RACHELLE  RYERSON,  by  and  through  her  attorneys,

20  KIMBALL  JONES,  ESQ.,  JACOB  G.  LEAVITT,  ESQ..,  and  ROBERT  N.  EATON,  ESQ.  of

21  BIGHORN LAW, and for her causes of action against the DEFENDANTS, and each and all of them,

22  complain and allege as follows:

23      1.      At  all  times  mentioned  herein,  PLAINTIFF  RACHELLE  RYERSON  (hereinafter

24  "PLAINTIFF") was and is a resident of the County of Clark, State of Nevada.

25

1.  Upon information and belief, that at all times relevant to this action, the Defendant EW-SN TRANSPORT, INC. (hereinafter referred to as "EW-SN" or "DEFENDANT"), is a New Jersey Corporation authorized to conduct business in the State of Nevada.

2.  Upon information and belief, that at all times relevant to this action, the Defendant RIMANTAS PETRAVICIUS (hereinafter referred to as "RIMANTAS" or "DEFENDANT"), DOE DRIVER I-V and/or DOE OWNERS I-V, were and are residents outside of the State of Nevada.

3.  The true names and capacities, whether individual, corporate, partnership, associate or otherwise, of DEFENDANTS, DOES I through V, are unknown to PLAINTIFF, who therefore sues said DEFENDANTS by such fictitious names. PLAINTIFF is informed and believe and thereon allege that each of the DEFENDANTS designated herein as DOE and ROE are responsible in some manner for the events and happenings referred to and caused damages proximately to PLAINTIFF as herein alleged, and that PLAINTIFF will ask leave of this Court to amend this Complaint to insert the true names and capacities of DOES I through V, when the same have been ascertained, and to join such DEFENDANTS in this action.

4.  That the true names and capacities, whether individual, corporate, partnership, associate or otherwise, of DEFENDANTS, ROE CORPORATION I through V, are unknown to PLAINTIFF, who therefore sues said DEFENDANTS by such fictitious names. PLAINTIFF is informed and believes and thereon alleges that each of DEFENDANTS designated herein as ROE CORPORATION is responsible in some manner for the events and happenings referred to and caused damages proximately to PLAINTIFF as herein alleged, and that PLAINTIFF will ask leave of this Court to amend this Complaint to insert the true names and

capacities of ROE CORPORATION I through V when the same have been ascertained and to join such DEFENDANTS in this action.

5.    That upon information and belief, DEFENDANTS EW-SN, DOE OWNERS I-V; ROE EMPLOYERS I-V are the owners and operators of the vehicle driven by DEFENDANT RIMANTAS.

6.    PLAINTIFF is informed and believes and thereon alleges that each of DEFENDANTS designated herein as ROE CORPORATION I through V are responsible in some manner for the events and happenings referred to and caused damages proximately to PLAINTIFF as herein alleged, and that PLAINTIFF will ask leave of this Court to amend this Complaint to insert the true names and capacities of ROE CORPORATION I through V when the same have been ascertained and to join such DEFENDANTS in this action.

**FIRST CAUSE OF ACTION**
**(Negligence as to All DEFENDANTS)**

7.    As for her First Cause of Action, PLAINTIFF repeats and re-alleges each and every allegation contained in the paragraphs above as though fully set forth herein and further alleges as follows:

8.    That upon information and belief, at all times relevant to this action, the DEFENDANTS, and each of the them, were the owners or lessees and occupied, operated, maintained, and/or controlled the vehicle driven by DEFENDANT RIMANTAS.

9.    That the DEFENDANTS, and each of them, carelessness and negligence of DEFENDANTS, and each of them, in breaching a duty owed to the PLAINTIFF, which directly and proximately caused the injuries and damages to PLAINTIFF, consisting in and of, but not limited to, failure to exercise reasonable care while operating the vehicle driven by DEFENDANT RIMANTAS, creating and allowing an unreasonably unsafe, dangerous condition.

10.    At all times complained of herein, DEFENDANTS, and each of them, were under a duty to use reasonable care in the conduct and responsibilities and efforts in providing management, supervision, maintenance, control, and/or repair of the vehicle, and DEFENDANTS, and each of them, breached their duties.

11.    At all times complained of herein, DEFENDANTS, and each of them, owed a duty of care to PLAINTIFF to maintain the Premises in a condition and manner as to be free of dangerous conditions.

12.    At all times complained of herein, DEFENDANTS, and each of them, owed a duty of care to PLAINTIFF to warn PLAINTIFF of dangerous conditions.

13.    That the carelessness and negligence of the DEFENDANTS, and each of them, in breaching a duty owed to the PLAINTIFF, which directly and proximately caused the injuries and damages to PLAINTIFF, by showing reckless disregard for the safety of others, including PLAINTIFF.

14.    The Defendant, and each of them, have violated certain statutes, ordinances and building codes, which PLAINTIFF prays leave of Court to insert the exact statutes or ordinances or codes at the time of the trial.

15.    That PLAINTIFF is among the class of persons that the standards, laws, codes, rules, regulations, and/or ordinances are designed to protect.

16.    That PLAINTIFF's injuries and damages are of the class that the standards, laws, codes, rules, regulations, and/or ordinances are designed to prevent.

17.    That DEFENDANTS' negligence per se is imputed by operation of the standards, laws, codes, rules, regulations, and/or ordinances.

18.    By reason of and as a direct and proximate result of the aforesaid negligence and carelessness of the DEFENDANTS, and each of them, PLAINTIFF was otherwise injured in and about her neck, back, organs, and systems, and was otherwise injured and caused to suffer great pain of

body and mind, and all or some of the same is chronic and may be permanent and disabling, all to PLAINTIFF's damage in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

19.  By reason of and as a direct and proximate result of the aforesaid negligence and carelessness of the DEFENDANTS, and each of them, PLAINTIFF, has been caused to incur medical expenses, and will in the future be caused to expend monies for medical expenses and additional monies for miscellaneous expenses incidental thereto, in a sum presently unascertainable.  PLAINTIFF will pray leave of Court to insert the total amount of the medical and miscellaneous expenses when the same have been fully determined at the time of the trial for this action.

20.  PLAINTIFF has been required to retain the law firm of BIGHORN LAW to prosecute this action, and is entitled to a reasonable attorney's fee, his litigation costs, and prejudgment interest.

## SECOND CAUSE OF ACTION

**(Respondeat Superior, Negligent Hiring, Training, and Supervision as to DEFENDANTS)**

21.  As and for her Second Cause of Action, PLAINTIFF repeats and re-alleges each and every allegation contained in the paragraphs above as though fully set forth herein and further alleges:

22.  That DEFENDANTS, and each Defendant, had a duty to properly hire, train, monitor, and supervise all employees who are operating vehicles owned, leased or utilized by DEFENDANT EW-SN.

23.  That as a direct and proximate result of the Defendant's negligence PLAINTIFF suffered trauma and other physical injuries and great pain of body and mind in an amount in excess of Fifteen Thousand Dollars ($15,000.00) in general damages.

24.  As a direct of the DEFENDANTS' negligence, PLAINTIFF has suffered severe injuries to his person, which injuries have required and still require medical treatment and care and from which the PLAINTIFF has suffered pain and the inability to live her full life in the manner it

was conducted prior to the incident.

25.   As further and proximate result of DEFENDANTS' negligence, and each of them, PLAINTIFF has suffered severe injuries and has been forced to incur and continues to incur medical expenses for treatment of his injuries in an amount in conformance to proof at trial. PLAINTIFF will incur future medical expenses as well in an amount as not yet ascertained, but in an amount excess of Fifteen Thousand Dollars ($15,000.00).

26.   By reason of the premises, and as a direct and proximate result of the aforesaid negligence and carelessness of DEFENDANTS, and each of them, PLAINTIFF has been caused to expend monies for medical and miscellaneous expenses, and will in the future be caused to expend additional monies for medical expenses and miscellaneous expenses incidental thereto, in a sum not yet presently ascertainable, and leave of Court will be requested to include said additional damages when the same have been fully determined.

27.   Prior to the injuries complained of herein, PLAINTIFF was an able-bodied individual, capable of engaging in all other activities for which PLAINTIFF was otherwise suited.  By reason of the premises, and as a direct and proximate result of the negligence of the said DEFENDANTS, and each of them, PLAINTIFF was caused to be disabled and limited and restricted in his occupations and activities, which PLAINTIFF pray leave of Court to insert herein when the same shall be fully determined.

28.   PLAINTIFF has been required to retain the law firm of BIGHORN LAW to prosecute this action, and is entitled to recover a reasonable attorney's fee, his litigation costs, and prejudgment interest.

### **PRAYER FOR RELIEF:**

WHEREFORE, PLAINTIFF RACHELLE RYERSON, expressly reserving the right to amend this Complaint prior to or at the time of trial of this action to insert those items of damage not

yet fully ascertainable, respectfully requests that this Court enter the following judgment against DEFENDANTS, and each of DEFENDANTS herein, as follows:

1. General damages for PLAINTIFF in an amount in excess of $15,000.00;

2. Special damages for PLAINTIFF'S medical and miscellaneous expenses, plus future medical expenses and the miscellaneous expenses incidental thereto in a presently unascertainable amount;

3. For compensatory damages in excess of $15,000.00;

4. Costs of this suit;

5. Attorney's fees; and

6. Interest;

7. For such and further relief as to the Court may seem just and proper.

DATED this 22nd day of September, 2020.

BIGHORN LAW

By: /s/ Robert N. Eaton, Esq.
**KIMBALL JONES, ESQ.**
Nevada Bar No. 12982
**JACOB G. LEAVITT, ESQ.**
Nevada Bar No. 12608
**ROBERT N. EATON, ESQ.**
Nevada Bar No. 9547
2225 E. Flamingo Road, Bldg. 2 Suite 300
Las Vegas, Nevada   89119
*Attorneys for PLAINTIFF*